# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS OWENS,<br><br>            Petitioner,<br><br>    v.<br><br>TOM CAREY, Warden,<br><br>            Respondent. | 1:03-cv-05327-REC-TAG HC<br><br>ORDER DENYING PETITIONER'S MOTIONS TO EXPAND THE RECORD (Docs. 28 & 29)<br><br>ORDER DENYING MOTION TO PROVIDE PETITIONER WITH COPY OF POLICE REPORT (Doc. 27) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed a motion to expand the record on July 1, 2005. (Doc. 28). Petitioner filed another motion to expand the record on February 8, 2006. (Doc. 29). The two motions are in essence the same motion, each requesting the same relief and each appending the same proposed "expanded" record of trial transcripts. On June 23, 2005, Petitioner also filed a motion requesting that this Court order Respondent to provide him with a copy of a police report used at trial. (Doc. 27).

## DISCUSSION

A. <u>Motions to Expand the Record</u>.

Petitioner seeks to "expand" the record to include certain pages of transcripts of trial testimony that Petitioner believes should be considered by this Court in making a determination on the merits of the amended petition. Specifically, Petitioner wishes to include pages 147, 148, 150-152, 158, 192-194, and 207-211. (Doc. 28, Exhs. A & B; Doc. 29, Exhs. A & B). Petitioner

1

contends that these excerpts of trial transcripts contain information essential to a determination of the issues in the amended petition.

Petitioner's motions, however, are unnecessary and reflect a fundamental lack of understanding regarding how the Court reviews a habeas corpus petition. On October 17, 2003, when Respondent filed his response, he also lodged with the Court a copy of the *entire* Reporter's Transcript and the *entire* Clerk's Transcript of Petitioner's trial. (Doc. 17). This was required because Petitioner has raised the issue of sufficiency of the evidence to convict, which necessarily requires this Court to review the entire trial transcript to determine if sufficient evidence was presented to support his conviction.

Accordingly, the pages to which Petitioner has referred in Exhibits A and B to each of his motions to "expand" the record have *already* been included in the record and *will* be reviewed by the Court in due course. Hence, no "expansion" of the record is necessary, and Petitioner's motions are therefore both duplicative and unnecessary. Accordingly, they will be denied.

B. Motion For Police Report.

Petitioner also seeks an order from this Court to require Respondent to supply him with a police report used at trial to refresh the recollection of the arresting officer who testified at the hearing held pursuant to Miranda v. Arizona, 384 U.S. 436 (1966). (Doc. 27, p. 1). Petitioner contends that because the document was used at trial to refresh a witness's recollection, it "is part of the State Court Proceeding's and Record." (Doc. 27, p. 1).

A habeas proceeding does not proceed to "trial," and, unlike other civil litigation, a habeas corpus petitioner is not entitled to broad discovery as a matter of ordinary course. Bracy v. Gramley, 520 U.S. 899, 904 (1997); Harris v. Nelson, 394 U.S. 286, 295 (1969). Although discovery is available pursuant to Rule 6, it is only granted at the Court's discretion, and upon a showing of good cause. Bracy, 520 U.S. at 904; McDaniel v. United States Dist. Court (Jones), 127 F.3d 886, 888 (9th Cir. 1997); Jones v. Wood, 114 F.3d 1002, 1009 (9th Cir. 1997); Rule 6(a) of the Rules Governing Section 2254. The Advisory Committee Notes to Rule 6 of the Rules Governing Section 2254 Cases emphasize that Rule 6 was not intended to extend to habeas corpus petitioners, as a matter of right, the Federal Rules of Civil Procedure's broad discovery provisions. Rule 6, Advisory

Committee Notes (quoting Harris, 394 U.S. at 295).

Petitioner's motion is predicated on the fallacy that the police report in question is part of the record in this case. That is incorrect. In California, police reports used only to refresh the recollection of witnesses are not admitted into evidence unless the adverse party so requests. Cal. Rules of Evid., Rule 771, subdivision (b). There is no indication in this record that trial counsel for Petitioner, as the adverse party, made such a request. Moreover, Respondent has not lodged the trial exhibits with this Court as part of his Response, and a cursory review of Respondent's Response indicates that he does not cite or refer to the police report. Nor does the amended petition raise any issue concerning any irregularity in the way in which the witness's memory was refreshed. Accordingly, it appears to the Court at this juncture that the police report was not introduced into evidence at trial, it is not part of the record now before the Court, no issues relating to this police report are raised in the amended petition, and the report is therefore irrelevant to the Court's determination on the merits of the amended petition.

In light of the foregoing, Petitioner has not met his burden of showing good cause for issuance of an order requiring Respondent to supply him with a copy of said report. Bracy, 520 U.S. at 904; McDaniel,127 F.3d at 888. For that reason, Petitioner's motion is denied.

## ORDER

Accordingly, the Court hereby ORDERS as follows:

1. Petitioner's Motions to Expand the Record (Docs. 28 & 29), are DENIED;

2. Petitioner's Request for an Order Requiring Respondent to Provide A Copy of the Police Report/Crime Report (Doc. 27), is DENIED.

IT IS SO ORDERED.

Dated:   **March 21, 2006**           **/s/ Theresa A. Goldner**
**j6eb3d**                    UNITED STATES MAGISTRATE JUDGE