UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CURTIS OWENS, | ) | 1:03-cv-05327-LJO-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION FOR PROMPT DISPOSITION |
| v. | ) | (Doc. 30) |
| | ) | |
| E. ROE, | ) | ORDER DENYING MOTION TO REQUIRE |
| | ) | RESPONDENT TO FILE A |
| Respondent. | ) | SUPPLEMENTAL ANSWER |
| | ) | (Doc. 34) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On March 17, 2003, Petitioner filed the instant petition. (Doc. 1). On March 13, 2006, Petitioner filed a motion for prompt disposition. (Doc. 30). In that motion, Petitioner requests that his habeas petition be resolved promptly; Petitioner also reargues issues raised in his petition. (Id.). On August 14, 2006, Petitioner filed a request that the District Court order Respondent to file a supplemental answer in order to provide a more complete record of a "material question" that "was left undeveloped at the admissibility hearing" in state court. (Doc. 34). On February 12, 2007, the Court issued a Report and Recommendation to the District Judge that the petition be denied on the merits. (Doc. 38).

DISCUSSION

A. Motion for Prompt Disposition.

As discussed, the Court has already reviewed the entire record, assessed Petitioner's grounds for relief, and issued a Report and Recommendation to the District Judge that the petition be denied

1

on its merits.  Since the Court has now "disposed" of the petition, Petitioner's motion for a prompt disposition is moot.

      B.  <u>Motion To Require Respondent To File Supplemental Answer</u>.

Petitioner maintains in this motion that the state trial court, at the suppression hearing before trial, inadequately dealt with the question purportedly asked by a police officer to Petitioner, "What are you doing in the bushes?" (Doc. 34, p. 2).  Petitioner maintains that this question, though testified about at the hearing, was never included in the trial court's findings or ruling, and only by supplementing the record and by the filing of a supplemental answer by Respondent can this issue be fully developed. (<u>Id</u>.).   Petitioner is mistaken.

In reviewing Petitioner's grounds for relief, this Court had before it the entire state court record.  No additional "development" of this record was either possible or required for this Court to compile its Report and Recommendation.  Moreover, in that Report and Recommendation, the Court fully analyzed Petitioner's claim regarding his pre-arrest statements, as contained in the state court record, as well as the state court's partial exclusion of those statements from evidence at trial.

Petitioner maintains that the state trial court did not directly address the question asked by a police officer to Petitioner, "What are you doing in the bushes?"  However, even if true, Petitioner did not object when the state court made its ruling excluding from evidence all but the preliminary questions, "What is your name?" and "What are you doing here?"  Even if the Court could now, at this late date, "expand" the state court record, which it cannot, the fact remains that neither the question, "What are you doing in the bushes?" nor any response to that question by Petitioner was admitted at trial; indeed, only the two preliminary questions mentioned above were admitted at trial, on the grounds that both were part of an investigatory detention pursuant to <u>Terry v. Ohio</u>, 392 U.S. 1, 29 (1968).  Petitioner could not possibly have been prejudiced by a statement never introduced at trial.

For these reasons, and in light of the Court's Report and Recommendation, which fully addresses the issue of the admissibility of Petitioner's pre-arrest statements as framed by the state court record, Petitioner's motion to require Respondent to file a supplemental response regarding this one question is both without merit and moot.

1 ORDER

2 Accordingly, the Court hereby ORDERS as follows:

3 1.  Petitioner's Motion for Prompt Disposition (Doc 30), is DENIED as MOOT;

4 2.  Petitioner's Motion for an Order Requiring Respondent to File a Supplemental Answer

5 (Doc. 34), is DENIED.

7 IT IS SO ORDERED.

8 Dated:   **February 22, 2007**                                          **/s/ Theresa A. Goldner**
**j6eb3d**                                                                       UNITED STATES MAGISTRATE JUDGE

3